IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STARR INTERNATIONAL COMPANY, INC., | )<br>)<br>) Case No. 1:14-cv-1593-CRC<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| UNITED STATES OF AMERICA, | )<br>) |
| Defendant. | )<br>) |

**UNITED STATES' RESPONSE TO STARR INTERNATIONAL COMPANY, INC.'S SECOND MOTION TO AMEND COMPLAINT**

There are no grounds for this Court to grant Starr's second motion to amend its complaint. In that motion, Starr states that it seeks leave to amend for two reasons: (1) the Court of Appeals' decision leaves it without a complaint in this litigation; and (2) to "simplif[y]" the pleadings.

Neither reason withstands scrutiny. Starr misconstrues the decision of the Court of Appeal reversing the decision of this Court dismissing Starr's tax refund claim. The decision of the Court of Appeals did not result in a remand to this Court of a case without a complaint. Moreover, rather than simplify the pleadings, Starr instead seeks to modify its complaint so that it may continue to contest this Court's earlier determination of the proper standard for granting benefits under Article 22(6). Rather than narrow the issues, it seeks to relitigate this pure legal issue without accounting for the inconsistent position it advanced in its original complaint.[1]

---

[1] Unless otherwise stated, all references to "Article" or "Treaty" are to the Convention Between the United States of America and the Swiss Confederation for the Avoidance of Double Taxation

(continued...)

Because justice does not require the Court allow Starr to amend its complaint for these purposes, the Court should deny the motion.

I. **Procedural History.**

Starr brought its original complaint seeking a refund of 2007 income taxes on September 19, 2014.[2] That complaint argued that the IRS acted arbitrarily and capriciously in denying Starr's refund claim.[3] Specifically, it contended that the purpose of Article 22(6) was to provide treaty benefits to entities that did not qualify under one of the mechanical tests, but nevertheless deserved benefits because, *inter alia*, they were not "treaty shopping" when they moved to Switzerland.[4]

This Court ultimately dismissed that complaint.[5] Despite that dismissal, the Court allowed Starr to amend its complaint to file suit under the Administrative Procedure Act.[6] The Court thereafter granted judgment to the United States on the APA action.[7] In that decision, this Court held that the proper standard for determining benefits under Article 22(6) is "whether the establishment, acquisition, or maintenance of the person seeking [treaty] benefits under the Convention, or the conduct of such person's operations, has or had as one of its principal

---

(…continued)

with Respect to Taxes on Income, Oct. 2, 1996, and all references to "Technical Explanation" are to the Dep't of the Treasury, Technical Explanation of the Convention Between the United States of America and the Swiss Confederation for the Avoidance of Double Taxation with Respect to Taxes on Income.

[2] Dkt. 1.
[3] *Id.* at ¶¶ 49, 53.
[4] *Id.* at ¶¶ 35, 49(a).
[5] *Starr Int'l Co., Inc. v. United States*, 2016 WL 410989 (D.D.C. Feb. 2, 2016) (*Starr I*).
[6] *Id.* at *6.
[7] *Starr Int'l Co., Inc. v. United States*, 275 F. Supp. 3d 228 (D.D.C. 2017) (*Starr II*).

purposes the obtaining of [treaty] benefits."[8] The Court also held that the Competent Authority correctly applied that standard in denying Starr's application for discretionary relief.[9]

The Court of Appeals then reversed the procedural aspects of this Court's ruling, holding that this case should proceed as a refund suit.[10] In that ruling, the Court of Appeals reversed this Court's earlier dismissal of the original complaint filed by Starr.[11] Upon remand, Starr filed the instant motion with this Court seeking to amend its complaint.[12]

In its proposed amended complaint, Starr adds a paragraph contending that the Competent Authority "applied the wrong legal standard" in its letter denying Starr benefits under the Treaty.[13] It also seeks to remove any reference to the concept of treaty shopping that appeared in its original complaint. In its original complaint, Starr alleged that

> "[t]he competent authority of a State will base a determination under this paragraph on whether the establishment, acquisition, or maintenance of the person seeking benefits under the Convention, or the conduct of such person's operations" *constituted treaty shopping*. If the owners of a corporate entity have substantial non-tax reasons for establishing its residence within Switzerland, *there is no treaty shopping*.[14]

Notably, Starr failed to define the concept of treaty shopping as requiring the presence of a third-country resident – the hallmark of its current litigating position. To remedy that fatal deficiency, Starr seeks to remove altogether any reference to the meaning of treaty shopping in this paragraph. It now seeks to change the entire focus of this paragraph of its complaint to one of the definition of the principal purpose standard:

---

[8] *Starr II*, 275 F. Supp. 3d at 247 (quoting Technical Explanation 72).
[9] *Id.*
[10] *Starr Int'l Co., Inc. v. United States*, 910 F.3d 527 (D.C. Cir. 2018) (*Starr III*).
[11] *Id.* at 529 ("For the reasons stated below, we reverse the decision of the District Court dismissing Starr's tax refund claim . . . .").
[12] Dkt. 119.
[13] Dkt. 119-1 at ¶ 43.
[14] Dkt. 1 at ¶ 36 (emphasis added).

[t]he competent authority of a State will base a determination under this paragraph on whether the establishment, acquisition, or maintenance of the person seeking benefits under the Convention, or the conduct of such person's operations" has or had as one of its principal purposes the obtaining of benefits under the [1996 U.S.-Swiss Tax Treaty]" (the "Principal Purpose Test").[15]

## II.     Justice Does Not Require This Court to Allow Starr to Amend Its Complaint.

Rule 15(a)(2) instructs that the Court should "freely give leave" to a party to permit amendment of its complaint "when justice so requires."[16] However, courts need not grant such motions "as a matter of course."[17] Rather, the Court should consider whether there are apparent or declared reasons to deny such leave, including undue delay, dilatory motive, undue prejudice to the non-movant, or futility of amendment.[18]

Here, Starr's two stated reasons to amend do not withstand scrutiny. Furthermore, its apparent reason for the motion – an attempt to remove the legal definition of treaty shopping in its complaint, which is inconsistent with its current litigating position – does not provide sufficient grounds for this Court to grant leave, as such amendment is futile, unduly delayed, and unduly prejudicial to the United States.

### A.     Starr's Argument There Is No Operative Complaint Misconstrues the Court of Appeal's Decision.

Contrary to Starr's contention, there is no legal requirement that it file an amended complaint in this action. As plainly stated in its opinion, the Court of Appeals "*reverse[d]* the decision of the District Court dismissing Starr's tax refund claim . . . ."[19] This language makes

---

[15] Dkt. 119 at ¶ 32 (alterations original).
[16] Fed. R. Civ. P. 15(a)(2).
[17] *Williams v. Ellerbe*, 317 F. Supp. 144, 147 (D.D.C. 2018) (quoting *Hedgeye Risk Mgmt., LLC v. Heldman*, 271 F. Supp. 3d 181, 191 (D.D.C. 2017)).
[18] *Foman v. Davis*, 371 U.S. 178, 182 (1962).
[19] *Starr III*, 910 F.3d at 529 (emphasis added).

clear that the Court of Appeals' decision did not result in a remand to this Court of a case without a complaint. Rather, the Court of Appeals, by this language, simply reinstated Starr's original complaint. Further, Starr does not appear to dispute that the Court's earlier order dismissing the refund suit and granting leave to amend the pleadings to file a claim under the Administrative Procedure Act was reversed by the Court of Appeals, which had competent jurisdiction over that order.[20] Thus, it is – or, at least, should be – indisputable that the original complaint now controls this case. That complaint brought claims under 26 U.S.C § 7422, the same claims that Starr now seeks to litigate in this Court. Because the Court of Appeals' opinion does not require an amendment to Starr's original complaint, the Court cannot base a decision to grant Starr leave to amend its pleadings on this basis.

      **B.**      **Starr's Amendment Improperly Seeks to Overturn the Law of the Case.**

Starr's apparent purpose in filing its motion to amend the complaint is to continue to challenge the standard for awarding treaty benefits under Article 22(6).[21] In the APA action, Starr argued that the principal purpose standard in the Technical Explanation was "intended to capture a specific concept: treaty shopping."[22] Starr further asserted "treaty shopping is a *well-defined* legal standard in the U.S.-Swiss Technical Explanation," which "can be broken down into a two-part test, both parts of which must be met to find that a Treaty Resident requesting

---

[20] *See*, *e.g.*, *Barfield v. Brierton*, 883 F.2d 923, (11th Cir. 1989) ("the appeal from a final judgment draws in question all prior non-final orders and rulings which produced the judgment").
[21] *See Starr II*, 275 F. Supp. 3d at 241.
[22] Starr Mot. for J. on Admin. R., Dkt. 63 at 3; *see also*, *Starr II*, 275 F. Supp. 3d at 241 ("Starr argues that treaty shopping is not just a policy evil that Article 22 was designed to foil, but also the *legal standard* that the Competent Authority is required to apply when implementing Article 22(6).") (emphasis original).

benefits under Article 22(6) is treaty shopping."[23] The first part requires a "Third-Country Resident to establish or use the Treaty Resident," and the second requires that "[a] principal purpose behind the establishment or use of the Treaty Resident [is] to obtain treaty benefits for the Third-Country Resident."[24]

In response, the United States countered that treaty shopping has no fixed definition but is a fluid term that has continued to evolve over time.[25]  We also emphasized that "[n]ot once in its submissions to the USCA, in its refund claim filed with the IRS, *or in its prior filings with the Court,* did SICO argue that the principal purpose test was a two-part test . . . .  It was only after its retention of new counsel that SICO raised this new legal theory."[26]

In paragraph 32 of its original complaint, Starr defined "treaty shopping," which it now claims is a well-defined concept, without ever once mentioning that it is a two-part test, requiring both a third-country resident and a principal purpose by such third country resident to obtain treaty benefits.[27]  Rather, it defined treaty shopping as occurring where the *owners of a corporate entity* have substantial tax reasons for establishing its residence within Switzerland.[28]  That is, its original definition of treaty shopping not only does not refer to a third-country resident, it even appears to preclude the presence of a third-party resident from the definition of treaty shopping. Starr's requested modifying language, however, would remedy its prior inconsistent position by removing any reference to the concept of treaty shopping in its proposed amended complaint.

---

[23] *Starr II*, 275 F. Supp. 3d at 232 ("Starr argues that "treaty shopping" is a precise legal term").
[24] *Id.* (alterations original).
[25] U.S. Mot. for J. on Admin. R., Dkt. 64, at 6, n. 23.
[26] U.S. Surreply Memo., Dkt 70 at 1 (emphasis added).
[27] *See* p. 3, *supra.*
[28] Dkt. 1 at ¶ 36.

This change appears designed to permit Starr to continue to press its earlier argument that, to be denied benefits, an entity must "not only have a 'principal purpose' of obtaining treaty benefits, it must also be owned or established by a third-country resident."[29] There is no reason for the Court to grant leave to Starr in order to allow it to reformulate its flatly inconsistent positions.

Moreover, these amendments improperly seek to overturn the law of the case. The law-of-the-case doctrine provides that "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case."[30] Starr's amendments to the complaint at first appear to adopt the correct legal standard, insofar as they restate the principal purpose test.[31] But on closer inspection, it is apparent that Starr continues to contend that the Competent Authority "applied the wrong legal standard" in his determination letter, despite the fact the standard stated by the Competent Authority is the same standard adopted and applied by this Court in its earlier decision.[32]

As this Court previously explained, the "proper standard for determining benefits under Article 22(6) is 'whether the establishment whether the establishment, acquisition, or maintenance of the person seeking [treaty] benefits under the Convention, or the conduct of such person's operations, has or had as one of its principal purposes the obtaining of [treaty]

---

[29] *Starr II*, 275 F. Supp. 3d at 241 (characterizing Starr's argument and concluding it "cannot be squared with Article 22's text, its structure, or its accompanying Technical Explanation").
[30] United *States ex rel. Landis v. Tailwind Sports Corp.*, 155 F. Supp. 3d 12, 25 (D.D.C. 2016); *see also Hamilton v. Geither*, 616 F. Supp. 2d 49, 55 (D.D.C. 2009) ("where litigants have once battled for the Court's decision, they should neither be required, nor without good reason permitted, to battle for it again") (quoting *Lemmons v. Georgetown Univ. Hosp.*, 241 F.R.D. 15, 22 (D.D.C. 2007) (further citation omitted)).
[31] Dkt. 119-1 at ¶ 32.
[32] Dkt. 119-1 at ¶ 43; *Starr II*, 275 F. Supp. 3d at 247.

benefits.'"[33] That is exactly the standard applied by the Competent Authority in the determination letter.[34]

As the Court further explained, "Starr . . . applies a formalistic reading to the Technical Explanation's discussion of treaty shopping – paying special attention to its references to third-country residents – *and arrives at its own treaty shopping definition*."[35] "To be denied benefits, says Starr, an entity must not only have a 'principal purpose' of obtaining treaty benefits, it must also be owned or established by a third-country resident."[36] But the Court flatly rejected Starr's position that the principal purpose standard requires the presence of a third-country resident. It reasoned, *inter alia*, that Starr's proposed third-country resident requirement "rests on a misconception – specifically, the conflation of two rather different types of residency."[37] It was, moreover, "not only at odds with Article 22 and the Technical Explanation, but . . . also depend[ed] on an unduly narrow definition of treaty shopping."[38]

The Court's holding regarding the applicable standard the Competent Authority must employ in implementing Article 22(6) is, indisputably, a pure legal issue. Nothing about Starr's proposed third-country resident requirement depends on whether this argument is made in the context of an APA action or a refund suit. The argument is agnostic to the nature of the proceeding in which it is made. Although the Court of Appeals remanded this case to this Court to consider Starr's arguments in the context of a refund suit,[39] its intent was certainly not to give Starr another "bite at the apple"

---

[33] *Starr II*, 275 F. Supp. 3d at 247 (quoting Technical Explanation 72).
[34] *Id.* ("The Competent Authority clearly applied this standard").
[35] *Id.* at 241 (emphasis added).
[36] *Id.*
[37] *Id.*
[38] *Id.* at 245.
[39] *Starr III*, 910 F.3d at 536.

8

on a pure legal issue. Thus, Starr's amended pleading seek to relitigate issues already decided. Because justice does not require such an amendment, and because the amendment is futile, Starr's stated reasons for amending the complaint are unavailing.[40]

Lastly, this motion comes four-and-a-half years after Starr initially filed the complaint, and also follows the 18-month period between when Starr filed its initial complaint and its amended complaint.[41] Starr offers no reason for this undue delay, and thus the Court may reject the motion on this basis alone.[42]

---

[40] Starr also seeks to add four paragraphs that attempt to turn this Court's focus to the rationale set forth in the determination letter sent to Starr in October 2010 denying its request for discretionary treaty benefits under Article 22(6). Dkt. 119-1 at ¶¶ 43-46. But this focus reflects a misunderstanding of the fundamental nature of a refund suit. As Starr's lead counsel acknowledged at oral argument before the Court of Appeals, "in a refund action, the proceeding is *de novo*." Oral Argument at 12:02-12:14, *available at* https://www.cadc.uscourts.gov/recordings/recordings.nsf/DocsByRDate?OpenView&count=100&SKey=201809. That is, unlike the APA action, the Court's review must be must be based on the merits of the case and not any previous record developed at the administrative level.

[41] *See* Dkt. 1; Dkt. 43.

[42] *Foman*, 371 U.S. at 182.

## III. Conclusion.

Starr's argument that this Court should construe the Court of Appeals' ruling to nullify its original complaint is unavailing. Further, its attempt to relitigate issues previously decided by this Court is barred by the law-of-the-case doctrine. Because justice does not require the Court to permit an amendment under these circumstances, the Court should deny its motion.

Dated:  March 14, 2019                           Respectfully submitted,

                                                     RICHARD E. ZUCKERMAN
Acting Assistant Attorney General

/s/ Dennis M. Donohue
DENNIS M. DONOHUE (OH Bar #0026504)
Chief Senior Litigation Counsel
KYLE L. BISHOP (DC Bar #999007)
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55, Ben Franklin Station
Washington, D.C. 20044-0055
Telephone: (202) 307-6492 (DMD)
 (202) 616-1878 (KLB)
Facsimile: (202) 307-2504 (DMD)
(202) 514-6866 (KLB)
E-mail: Dennis.Donohue@usdoj.gov
Kyle.L.Bishop@usdoj.gov

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that service of the OPPOSITION has been made on March 14, 2019, via the CM/ECF system, which will send notification of such filing to parties in said system, including:

Rajiv Madan
Skadden, Aprs, Slate, Meagher & Flom LLP
1440 New York Avenue NW
Washington, DC 20005

*/s/ Dennis M. Donohue*
DENNIS M. DONOHUE
Chief Senior Litigation Counsel
U.S. Department of Justice