UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STARR INTERNATIONAL COMPANY, INC., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA, *et al.*, <br><br> Defendants. | Case No. 14-cv-01593 (CRC) |

### ORDER

Before the Court is Plaintiff Starr International Company's Motion for Leave to File a Second Amended Complaint, ECF No. 119.  Starr's original complaint in this case, ECF No. 1, raised a tax refund claim, which the Court dismissed.  See Starr Int'l Co. v. United States, 2016 WL 410989 (D.D.C. Feb. 2, 2016).  The Court permitted Starr to file a First Amended Complaint, raising a claim under the Administrative Procedure Act ("APA"), ECF No. 43.  The Court granted summary judgment to the Defendants on that claim.  See Starr Int'l Co. v. United States, 275 F. Supp. 3d 228 (D.D.C. 2017).

Starr appealed.  The D.C. Circuit Court of Appeals reversed this Court's dismissal of the original complaint and instructed it to dismiss Starr's APA claim.  See Starr Int'l Co. v. United States, 910 F.3d 527, 538 (D.C. Cir. 2018).  Effectively, the Circuit's instruction to this Court was to dismiss the First Amended Complaint, because the only claim in that complaint was the APA claim.  See ECF No. 43.  Because the Circuit also reversed the Court's dismissal of the original complaint, that complaint appears to now be the operative complaint in this case.  Therefore, Starr's principal basis for its motion—its view that the case lacked an operative complaint—is misplaced.  To avoid any doubt, the Court will deem the original complaint to be

the operative complaint in this case.

To the extent that Starr's proposed amendments are simply efforts to clarify the complaint, as Starr insists, those efforts are unnecessary.  The case has gone through extensive litigation, and the Court and the parties are quite familiar with the issues at play.  To the extent that the proposed amendments reflect substantive changes to Starr's allegations in an effort to avoid the law of the case, as the government contends, those efforts would prejudice the government at this late stage of litigation.  In any event, Starr remains free to argue that the Court's prior rulings concerning the Competent Authority's interpretation and/or application of Article 22(6) of the U.S.-Swiss Tax Treaty either do not apply in a tax refund suit or should otherwise be reconsidered.

For the foregoing reasons, it is hereby

**ORDERED** that [119] Plaintiff's Motion for Leave to File a Second Amended Complaint is DENIED.  It is further

**ORDERED** that [43] Plaintiff's First Amended Complaint is DISMISSED.  It is further

**ORDERED** that [1] Plaintiff's Complaint is deemed the operative complaint in this case.

**SO ORDERED**.

CHRISTOPHER R. COOPER
United States District Judge

Date:   March 22, 2019