**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
**STARR INTERNATIONAL COMPANY, INC.,**

       **Plaintiff,**

       v.

**UNITED STATES OF AMERICA,** *et al.***,**

       **Defendants.**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

:    No. 1:14-cv-01593-CRC

## PLAINTIFF'S MOTION FOR RECONSIDERATION

Plaintiff Starr International Company, Inc. ("SICO") respectfully requests that the Court reconsider its March 22, 2019, Order (ECF No. 121) denying SICO's Motion for Leave to File Second Amended Complaint (ECF No. 119) because SICO did not have an opportunity to respond to Defendant's arguments and because SICO met Rule 15 of Federal Rule of Civil Procedure's liberal requirements. Leave to amend should be freely granted where, as here, justice so requires.

SICO sought leave to amend because the operative complaint does not accurately reflect both the issues that remain in the case and the facts SICO intends to rely upon to support its position. SICO's proposed amendments add an additional basis that the U.S. Competent Authority's decision was arbitrary and capricious and the amendments streamline the facts and issues in dispute after the D.C. Circuit's remand.

Contrary to Defendant's arguments, SICO has not attempted to abandon or change the law of the case and the amendments would not have that effect if SICO's motion is granted. Thus, Defendant's arguments regarding SICO's amendments to its

Complaint—which amount to disagreeing with SICO's litigating position—are not an appropriate justification for challenging the amendments to SICO's Complaint.  Finally, Defendant did not meet its burden of proving that leave to amend should not be granted.  SICO, therefore, asks the Court to reconsider its Order.

I.  **LEGAL STANDARD**

SICO faces a high bar when requesting that the Court reconsider a prior ruling, but the Court may reconsider a prior ruling "as justice requires." *Estate of Botvin ex rel. Ellis v. Islamic Republic of Iran*, 772 F. Supp. 2d 218, 222-23 (D.D.C. 2011) (citation omitted).  "Justice may require revision when the Court has 'patently misunderstood a party, has made a decision outside the adversarial issues presented to the Court by the parties, has made an error not of reasoning but of apprehension, or where a controlling or significant change in the law or facts [has occurred] since the submission of the issue to the Court.'" *Singh v. George Washington Univ.*, 383 F. Supp. 2d 99, 101 (D.D.C. 2005) (*quoting Cobell v. Norton*, 224 F.R.D. 266, 272 (D.D.C. 2004)).

When considering a motion to amend, the Court should freely grant leave to amend when justice so requires. *See Willoughby v. Potomac Elec. Power Co.*, 100 F.3d 999, 1003 (D.C. Cir. 1996).  Although leave to amend is within the court's discretion, leave "should be freely given <u>unless there is a good reason</u> . . . to the contrary." *Id.* (emphasis added).  "Because amendments are to be liberally granted, the non-movant bears the burden of showing why an amendment should not be allowed." *Klayman v. Judicial Watch, Inc.*, 296 F. Supp. 3d 208, 213 (D.D.C. 2018) (quoting *Abdullah v. Washington*, 530 F. Supp. 2d 112, 115 (D.D.C. 2008)).  For the reasons stated below, SICO is entitled to leave to amend.

## II. THE COURT SHOULD RECONSIDER SICO'S MOTION FOR LEAVE TO AMEND BECAUSE JUSTICE SO REQUIRES

SICO respectfully requests that the Court reconsider its March 22, 2019, Order because: (1) SICO was not given an opportunity to respond to Defendant's contentions, (2) SICO's amendments add another basis for relief and modify certain factual allegations, (3) SICO did not attempt to and did not overrule the law of the case, and (4) Defendant failed to meet its burden of showing that leave should not be granted.

### A. SICO Should Have Been Given an Opportunity to Respond to Defendant's Response

In response to the parties' Joint Status Report, the Court issued a February 28, Minute Order. The Court's February 28, 2019, Minute Order required that SICO move for leave to file a second amended complaint and that Defendant file an opposition. Although SICO did not agree with Defendant's contentions, SICO did not file a reply after Defendant's response because the Minute Order did not expressly allow it. Despite the fact that SICO's motion met Rule 15's liberal standard, the Court accepted Defendant's mischaracterization of SICO's motion without permitting SICO to reply. SICO therefore seeks reconsideration and to address Defendant's arguments.

### B. SICO Seeks to Amend its Complaint Early in the Proceedings Relating to the Refund Claim

SICO filed the original complaint in September 2014. Defendant moved to dismiss the complaint before discovery had begun, and the Court granted Defendant's motion in September 2015. Because the Court concluded that the refund claim was not justiciable, any amendment to that claim would have been futile. In March 2016, SICO filed an amended complaint to adjudicate a new, administrative procedure act ("APA") claim. Litigation continued on the APA claim, and in January 2017, current counsel was

substituted for SICO's former counsel. The APA claim was fully litigated, and when the Court ruled for Defendant, SICO appealed.

On appeal, the D.C. Circuit concluded that the case should not have proceeded as an APA claim and remanded for the Court to consider in the first instance the refund claim. As soon as practicable after the case was remanded, notably before discovery began, SICO sought leave from the Court to amend its Complaint. Thus, the Court should consider SICO's motion for leave to amend in the context of these facts, and most notably that Defendant cannot be prejudiced by the an Amended Complaint given the litigation on the refund claim has just begun.

### C. SICO's Amendments to the Original Complaint Meet the Notice-Pleading Standard, Provide an Additional Basis for Relief, and Streamline the Issues of the Case

SICO sought leave to amend the complaint because the D.C. Circuit remanded the case for further proceedings on a claim that was dismissed almost four years prior. The original complaint no longer reflects the issues remaining in the case. SICO's amendments, as discussed below, were not proposed for any improper purpose but instead for the purpose of articulating and streamlining the issues for discovery and final resolution by the Court.

First, SICO removed some allegations to streamline the issues for discovery and final resolution by the Court. As discussed above, SICO removed references to the 2008 refund claim. *See* Ex. B, Redline of Second Amended Complaint ¶¶ 7, 45-46, 51 (Mar. 7, 2019), ECF No. 119-2. The parties have already litigated all issues related to the 2008 refund claim, and the Court dismissed the government's counterclaim. The Court's decision regarding the 2008 claim was not disturbed on appeal. So, the exclusion of those references is not prejudicial to Defendant and streamlines proceedings and

discovery. SICO also removed duplicative references to the amount of the claim. *See id.* ¶¶ 43-44. This merely simplifies the complaint.

Second, SICO removed certain facts previously pled, because, while these facts are accurate, SICO will not be relying on these facts to support its position. For example, SICO deleted statements regarding SICO's foreign beginnings from the Complaint because SICO does not intend to rely on these facts to support its position. *Id.* ¶¶ 10-11; *see also id.* ¶¶ 15-16 (deleting information about Cornelius Starr's businesses from 1919 to 1943 and references to Maurice Greenberg's tenure at SICO and AIG). Removal of these facts from SICO's Complaint is not prejudicial to the Government's position because the Government is free to argue that these facts support its position.

Third, SICO removed references to certain facts that were originally pled in the first refund Complaint because they are not a complete explanation of the relevant facts. For example, SICO removed a sentence about the time and resources necessary for Ireland move. *See id.* ¶ 20. SICO also removed a reference to an investigation by Elliot Spitzer that was part of the reason for a rift between AIG and SICO and replaced that pleading with a simplified statement of the broader AIG-SICO dispute. *See id.* ¶¶ 26-27. SICO removed references to decisions made by SICO's general counsel and changed them to SICO management. *See id.* ¶¶ 31-32. The inclusion of selective facts is unnecessary under the Federal Rules of Civil Procedure. Rule 8(a) requires only "a short and plain statement of the grounds for the court's jurisdiction, . . . a short and plain statement of the claim showing that the pleader is entitled to relief; and . . . a demand for relief sought." Thus, SICO's removal of selective factual explanations in its amended complaint is consistent with the requirements of Rule 8(a).

Fourth, SICO removed certain allegations regarding other countries' treaties. *See id.* ¶ 33. The original complaint contained allegations related to selected countries' treaties, without describing all relevant treaties. In any event, the operation of other treaties is a legal issue that need not be pled in a complaint.

Fifth, SICO amended its complaint in certain places to avoid issues that Defendant has disputed in the past in an attempt to plead issues in a way that may be agreed. For example, SICO changed pleadings related to SICO's Irish treaty benefits to state merely that its entitlement to such benefits was never questioned. *Id.* ¶ 21.[1] Similarly, the original refund complaint included a partial statement of the principal-purpose test, a portion of which had been altered to include a reference to "treaty shopping." Because the parties have disputed the scope and significance of treaty shopping in this case, SICO amended the pleading in the original complaint to simply quote that test as articulated in the Technical Explanation. *Id.* ¶ 32.[2]

Finally, SICO added an explanation of the reasons that the Competent Authority abused its discretion. *See id.* ¶¶ 43-46.[3] SICO added that the Competent Authority's determination is unsupported by the administrative record and the facts, particularly that the five bases asserted do not show that obtaining benefits under the treaty was a principle purpose of the move from Ireland to Switzerland. This language is not prejudicial to Defendant as it was included in the First Amended Complaint as the basis for the APA claim. *See* First Am. Compl. ¶¶ 30-31 (Mar. 24, 2016), ECF No. 43.

---

[1] This citation to the amended complaint is to the blue-colored or "new" paragraph.

[2] This citation to the amended complaint is to the blue-colored or "new" paragraph.

[3] This citation to the amended complaint is to the blue-colored or "new" paragraph.

SICO's amendments meet the Rule 8(a)'s notice-pleading requirements and are valid reasons to amend.

### D.     SICO's Amendments Do Not Overturn the Law of the Case

Defendant argued that SICO's amendments attempt to overturn the law of the case, but that contention has no basis in fact or in law.  *See* United States' Resp. to Starr Int'l Co., Inc.'s Second Mot. to Am. Compl. at 7-9 (Mar. 14, 2019), ECF No. 120 ("Opp'n").  Defendant alleges that SICO attempts to overturn the law of the case by stating that the appropriate legal standard is whether the taxpayer "has or had as one of its principal purposes the obtaining of . . . benefits [under the 1996 U.S.-Swiss Tax Treaty]." Opp'n at 7-8.  But this is the legal standard articulated by the D.C. Circuit and is the law of the case.  *See Starr Int'l Co. v. United States*, 910 F.3d 527, 529 (D.C. Cir. 2018). SICO's amendment reiterates the D.C. Circuit's articulation of the rule.  *See* Ex. B. ¶ 36. It is unclear how this could be argued to change the law.  Moreover, contrary to Defendant's arguments, SICO neither (1) interjected a "third-country resident" requirement into the applicable legal standard, *see generally* Ex. B, nor (2) removed all references to "treaty shopping," *see id.* ¶¶ 35, 49(a), 49(c).

Additionally, SICO did not change its position regarding the standard of review from the original complaint, that the Competent Authority's decision was arbitrary and capricious and therefore, was an abuse of discretion.  *See id.* ¶ 49.  Finally, as a matter of law, SICO cannot change the applicable treaty-shopping standard through allegations in its Complaint.  Defendant's arguments are without merit.

### E.  Defendant Did Not Meet its Burden of Showing Undue Delay, Prejudice, or Futility

Defendant did not meet its burden of showing that SICO is not entitled to leave to amend.  Defendant is required to show that the amendment is unduly delayed, prejudicial, or futile.  *See de Sousa v. Embassy of Republic of Angola*, 267 F. Supp. 3d 163, 169 (D.D.C. 2017).  Defendant has not shown that the motion is unduly delayed, that it would be prejudiced by an amendment, or that the amendments were futile.

Defendant argues that the motion for leave to amend is filed four and a half years after the case began, but the motion to amend was timely given the circumstances.  *See* Opp'n at 9.  As explained in Section B. above, this is SICO's first attempt at amending this claim, which was made viable only by the D.C. Circuit's remand.  Significantly, SICO sought leave to amend the complaint <u>before discovery even started</u> with respect to SICO's refund action.  SICO's motion was not unduly delayed.

To the extent Defendant argues that it was prejudiced, other than by the timing of the motion for leave to amend, it is not prejudiced by any of the modifications to the Complaint.  As explained above, SICO did not add new claims and could not change the law of the case that was articulated by the D.C. Circuit.  SICO's amendment does not prejudice Defendant.

Defendant argues that the amendments are futile because the amendments seek to relitigate issues already decided.  *See* Opp'n at 8-9.  That argument is inconsistent with the D.C. Circuit's decision on appeal, which stated: "[B]ecause we remand this case to the District Court to proceed as a tax refund claim, we leave it to the District Court in the first instance to consider Starr's arguments in the context of the tax refund action."  *Starr Int'l*, 910 F.3d at 538.  Thus, SICO is not prohibited from reasserting any of its prior

arguments and instead may pursue its arguments in the context of this resurrected claim. Therefore, SICO's amendments are not futile.

### III. CONCLUSION

Accordingly, SICO respectfully requests that the Court reconsider its order and grant SICO leave to file a second amended complaint.

Dated: April 8, 2019  Respectfully submitted,

*/s/ Rajiv Madan*
Rajiv Madan (D.C. Bar #463317)
Christopher P. Bowers (D.C. Bar #468117)
Nathan P. Wacker (D.C. Bar #1004278)
Skadden, Arps, Slate, Meagher & Flom LLP
1440 New York Ave. NW
Washington, D.C. 20005
Tel.: (202) 371-7000
Fax: (202) 393-5760
E-mail: raj.madan@skadden.com
　　　　chris.bowers@skadden.com
　　　　nathan.wacker@skadden.com

*Attorneys for Plaintiff*
Starr International Co., Inc.

**CERTIFICATE OF SERVICE**

I certify that the foregoing Motion for Reconsideration was filed with the Court via the Court's ECF system on April 8, 2019, and a copy of the Motion for Reconsideration was served on all counsel of record by operation of the ECF system on the same date.

*/s/ Rajiv Madan*
Rajiv Madan