IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| STARR INTERNATIONAL COMPANY, INC., | ) ) ) | Case No. 1:14-cv-1593-CRC |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| UNITED STATES OF AMERICA, | ) ) | |
| Defendant. | ) | |

**UNITED STATES' RESPONSE TO STARR INTERNATIONAL COMPANY, INC.'S MOTION TO RECONSIDER**

Starr seeks reconsideration of this Court's denial of its earlier motion to amend the pleadings.[1] In doing so, Starr commits numerous procedural errors, all of which are sufficient in and of themselves for this Court to deny the relief it seeks: (1) it does not identify a circumstance that warrants this Court granting its motion to reconsider; (2) it improperly seeks to raise new arguments and relitigate earlier arguments; (3) it does not identify any harm suffered by Starr due to the Court's denial of its earlier motion; and (4) it fails to comply with this Court's local rules. Regardless, Starr's motion should also fail because none of the substantive arguments it raises warrants the extraordinary relief of granting a motion to reconsider. The Court should deny the motion and allow the case to proceed.

---

[1] Dkt. 121, 123.

## I.      Relevant Procedural History.

After the D.C. Circuit reversed and remanded two earlier decisions of this Court, Starr filed a motion seeking leave to amend its complaint.[2]  In that motion, Starr relied on two arguments: (1) the Court of Appeals' reversal resulted in this case having no operative complaint; and (2) permitting its amendment would "simplif[y]" the proceedings.[3]

The United States opposed the motion.  The government argued that the Court of Appeals' ruling reinstituted the original complaint as the operative complaint in this case.[4]  It also contended that Starr sought to amend its complaint not to simplify the proceedings, but to continue to contest this Court's earlier ruling as to the proper legal standard under Article 22(6) of the U.S.-Swiss Tax Treaty.[5]

The Court denied the motion.[6]  It found that the original complaint filed by Starr is now the operative complaint in this case.[7]  It further concluded that Starr's purported efforts to simplify the issues were "unnecessary" given this matter's "extensive litigation."[8]  And it held that, assuming the government's allegations that Starr sought to avoid the law of the case were correct, such efforts "would prejudice the government at this late stage of the litigation."[9]

---

[2] Dkt. 119.

[3] *Id.* at 2.

[4] Dkt. 120 at 4-5.

[5] *Id.* at 5-9.

[6] Dkt. 121.

[7] *Id.* at 1-2.

[8] *Id.* at 2.

[9] *Id.* (also noting that Starr "remains free to argue that the Court's prior rulings" concerning Article 22 "either do not apply in a tax refund suit or should otherwise be reconsidered").

## II.     Legal Standard.

Rule 54(b) "allows a litigant to move for reconsideration or modification" of an order "'at any time' before the court's entry of final judgment."[10]   A court has "broad discretion to hear a motion for reconsideration," and should grant such a motion only "as justice requires."[11] Appellate courts review the denial of a motion for reconsideration for abuse of discretion.[12]   The burden to identify circumstances that warrant relief rests with the movant.[13]

Rule 54(b) is not to be used to provide a losing party an avenue to continue challenging a decision it dislikes.[14]   Rather, it requires the losing party demonstrate "some harm, legal or at least tangible, [that] would flow from a denial of reconsideration."[15]   Generally, a court "should

---

[10] *Starr Int'l Co., Inc. v. United States*, No. 14-cv-1593, 2016 WL 410989, at *2 (D.D.C. Feb. 2, 2016) ("*Starr I*") (quoting *Cobell v. Jewell*, 802 F.3d 12, 19 (D.C. Cir. 2015) (quoting Fed. R. Civ. P. 54(b))), *rev'd on other grounds at* 910 F.3d 527 (D.C. Cir. 2018).

[11] *Council on Am.-Islamic Relations Action Network, Inc. v. Gaubatz*, No. 09-2030, 2015 WL 5011583, at *1 (D.D.C. Aug. 24, 2015).

[12] *Jewell*, 802 F.3d at 23.

[13] *Roggio v. Fed. Deposit Ins. Corp.*, No. 09-1733, 2018 WL 7141320, at *2 (D.D.C. Aug. 17, 2018).

[14] *Negley v. FBI*, 825 F. Supp. 2d 58, 60 (D.D.C. 2011) ("The court's direction under [Rule] 54(b) is subject to the caveat that, where litigants have once battled for the court's decision, they should not be required, nor without good reason permitted, to battle for it again.") (internal citations and quotations omitted); *Valdes v. District of Columbia*, No. 04-cv-0051, 2005 U.S. Dist. LEXIS 17960, at *8-12 (D.D.C. Aug. 18, 2005) (discussing Rule 54(b) and the law-of-the-case doctrine); *see also* Dkt. 30 at 2 (SICO's brief opposing the United States' earlier motion to reconsider).

[15] *Cobell v. Norton*, 355 F. Supp. 2d 531, 540 (D.D.C. 2005) ("*Cobell II*"); *see also* Dkt. 30 at 2.

be loathe" to grant such a motion absent "extraordinary circumstances such as where the initial decision was clearly erroneous and would work a manifest injustice."[16]

Justice may require reconsideration in four circumstances: where the Court has "patently misunderstood a party, has made a decision outside the adversarial issues presented to the Court by the parties, has made an error not of reasoning but of apprehension, or where a controlling or significant change in the law or facts [has occurred] since the submission of the issue to the Court."[17]  Further, it is "well-established" in this circuit that "motions for reconsideration cannot be used as an opportunity to reargue facts and theories upon which a court has already ruled, nor as a vehicle for presenting theories or arguments that could have been advanced earlier."[18]

## III.   Justice Does Not Require This Court to Grant Starr's Motion for Reconsideration.

Starr's motion to reconsider fails to hue to the standards for such motions.  Starr relies on arguments that are not permitted for motions to reconsider in this jurisdiction, and which are otherwise unavailing.  Moreover, Starr does not identify either a circumstance that warrants it being granted such extraordinary relief or a harm that will befall it if the Court denies this motion.  Lastly, it failed to comply with the Local Rules prior to filing the motion.  Because all of these flaws are fatal to its motion, the Court should deny the requested relief.

---

[16] *Kirwa v. U.S. Dept. of Defense*, No. 17-1793, 2018 WL 7141989, at *1 (D.D.C. May 23, 2018) (quoting *Marshall v. Honeywell Tech. Sols., Inc.*. 509 F. Supp. 2d 57, 59 (D.D.C. 2009)) (further citation omitted).

[17] *Starr I*, 2016 WL 410989, at *2 (quoting *Singh v. George Washington Univ.*, 383 F. Supp. 2d 99, 101 (D.D.C. 2005) (quoting *Cobell v. Norton*, 224 F.R.D. 266, 272 (D.D.C. 2004)) ("*Cobell I*").

[18] *Kirwa*, 2018 WL 7141989, at *1 (citing *Dist. Hosp. Partners, LP v. Sebelius*, No. 11-cv-0116, 2011 WL 13248160, at *1 (D.D.C. Sept. 1, 2011)) (internal quotations omitted).

A.      **Starr's New Arguments Are Improper.**

Starr's original motion to amend the pleadings set forth two bases for relief: (1) this case lacked an operative complaint; and (2) the amended complaint would "simplify[y]" the proceedings.[19]  Starr abandoned its first argument in its motion to reconsider.[20]  Instead, it now contends that the Court should grant its requested relief because (1) it did not receive an opportunity to respond to the United States' opposition brief; (2) its moved to amend sufficiently early in the litigation; (3) its proposed amendment streamlines the issues for discovery and final resolution by the Court; (4) it did not attempt to overturn the law of the case; and (5) the government did not meet its burden of showing amendment was improper.[21]

The Court can easily dispense with four of these arguments on the simple basis that "motions for reconsideration cannot be used as . . . a vehicle for presenting theories or arguments that could have been advanced earlier," but were not.[22]  Accordingly, Starr's first, second, fourth, and fifth arguments are inarguably improper in the context of a motion to reconsider.

Starr also cannot obtain relief based on its remaining argument that this amendment streamlines the issues in this case.  To the extent that this argument contains new points, those "theories or arguments that could have been advanced earlier" are improper in this context.[23]  In the alternative, if the Court construes these allegations as a rehash of Starr's earlier argument that

---

[19] Dkt. 119.

[20] Dkt. 123.

[21] *Id.*

[22] *Kirwa*, 2018 WL 7141989, at *1 (internal citation and quotation omitted).

[23] *Id.*

its amendment "simplifies" the proceedings, those arguments are similarly foreclosed as an improper attempt to "reargue facts and theories upon which [this] [C]ourt has already ruled."[24]

### B.      Starr's Arguments Are Substantively Unavailing.

Even if this Court considered Starr's arguments, they would not justify relief.  Starr's brief begins by complaining that the Court did not permit it a reply brief to the government's opposition to the motion to amend.[25]  But Starr did not request leave to file such a brief in the eight days between the government's brief and the Court's order (notably, litigants typically receive just seven days to file a reply brief in this Court).[26]  Regardless, Starr provides no authority that requires this Court allow it a reply brief, and it appears no such authority exists.[27] It was Starr's obligation to file a motion fully addressing all of its possible arguments in the first instance.

Second, Starr alleges that its motion to amend is timely, notwithstanding the fact that Starr did not seek such leave during the 18-month period prior to the Court's earlier dismissal of its original complaint. [28]  In any event, as the Court emphasized, Starr's purported efforts to simply the issues were "unnecessary" given this matter's "extensive litigation" over the 54-month period this case has been pending.[29]

---

[24] *Kirwa*, 2018 WL 7141989, at *1 (internal citation and quotation omitted).

[25] Dkt. 123 at 3.

[26] LCvR 7(d).

[27] *Roggio*, 2018 WL 7141320 at *2.

[28] Dkt. 1; Dkt. 119; Dkt. 123 at 3-4.

[29] Dkt. 121 at 2.

Third, Starr raises six novel arguments as to how its amendment "streamline[s]" the issues.[30]  These arguments are wrong, for the reasons previously presented by the government in earlier briefing,[31] as well as the reasons previously cited by this Court in its order denying Starr's motion to amend.[32]  Furthermore, these modifications to the allegations do nothing to "simplify" this case, as the case's complexity does not turn on whether the complaint contains allegations Starr now finds unnecessary or suboptimal to include.[33]  Nevertheless, to the extent that Starr seeks to "simplify" or "streamline" the case by obtaining admissions from the government, the Federal Rules of Civil Procedure and this Court's scheduling order afford it that opportunity.[34]

Fourth, Starr contends that its amendment does not seek to overturn the law of the case.[35]  Yet Starr again fails to address why it added a proposed allegation that the Competent Authority "applied the wrong legal standard," when the standard applied by the Competent Authority was the same standard adopted and applied by this Court in its earlier decision.[36]  As the Court

---

[30] Dkt. 123 at 4-7.

[31] Dkt. 120 at 5-9.

[32] Dkt. 121 at 2.

[33] Indeed, at times Starr attempts to add newly irrelevant allegations to the complaint.  For instance, Starr's attempt to add findings by the U.S. Competent Authority in its denial letter is irrelevant, as this case is now a *de novo* refund suit, rather than a suit brought under the Administrative Procedure Act ("APA").  As Starr's lead counsel acknowledged before the Court of Appeals, "in a refund action, the proceeding is *de novo*." Oral Argument at 12:02-12:14.  That is, unlike in an APA action, the Court's review must be must be based on the merits of the case and not any previous record developed at the administrative level.

[34] Fed. R. Civ. P. 36 (permitting requests for admission); *see also* Dkt. 122 at ¶ 2 (allowing Starr twenty-five requests for admission in this case).

[35] Dkt. 123 at 7.

[36] Dkt. 119-1 at ¶ 43; *Starr Int'l Co., Inc. v. United States*, 275 F. Supp. 3d 228, 247 (D.D.C. 2017) ("*Starr II*").

explained in its order, the appropriate vehicle for these arguments is not a motion to amend the complaint, but rather to argue that the Court's prior rulings regarding Article 22(6) "either do not apply in a tax refund suit or should otherwise be reconsidered."[37]

Fifth (and finally), Starr alleges that the United States did not meet its burden to show that Starr was not entitled to leave to amend.  This ignores the government's earlier brief.  As the government explained therein, "this motion comes four-and-a-half years after Starr initially filed the complaint, and also follows the 18-month period between when Starr filed its initial complaint and its [first] amended complaint."[38]  Further, the United States previously addressed why such an amendment would prejudice it at this late stage of the litigation, and why Starr's attempt to overturn the law of the case would be futile.[39]  Starr's argument that the government did not meet its burden is simply wrong.

### C.      Starr Does Not Identify a Circumstance that Warrants Relief.

Throughout its motion to reconsider, Starr wholly fails to explain which of the four circumstances that warrant the grant of a motion to reconsider apply in this instance.[40]  This is because none of the four circumstances are present here, and thus the "extraordinary circumstances" that warrant the sought relief are absent.[41]

---

[37] Dkt. 121 at 2.

[38] Dkt. 120 at 9.

[39] Dkt. 120 at 5-9.

[40] *Starr I*, 2016 WL 410989, at *2 (motion to reconsider appropriate where Court has "patently misunderstood a party, has made a decision outside the adversarial issues presented to the Court by the parties, has made an error not of reasoning but of apprehension, or where a controlling or significant change in the law or facts [has occurred] since the submission of the issue to the Court.") (internal citation and quotation omitted).

[41] *Kirwa*, 2018 WL 7141989, at *1 (internal citation and quotation omitted).

Starr cannot credibly contend that the Court "made a decision outside the adversarial issues presented to the Court by the parties," or that "a controlling or significant change in the law or facts [has occurred] since the submission of the issue to the Court."[42]  It also appears to abandon any claim that the Court "patently misunderstood" or made an error of apprehension as to its earlier argument that this case lacked an operative complaint by failing to renew it.

As to its only remaining argument – that its amended complaint will simplify the proceedings – Starr merely explains its proposed amendment more fully than it did earlier.[43]  But there is no allegation or indication that the Court, which had a redlined copy of the proposed amended complaint before it, failed to understand or apprehend these amendments prior to issuing its order denying the requested relief.[44]  Rather, the Court concluded the amendments were both unnecessary and potentially prejudicial to the United States.[45]  On these facts, Starr cannot show one of the four circumstances that warrant the relief it seeks.

### D. Starr Does Not Identify Any Harm that Will Occur if the Court Denies Its Motion.

Both Starr's motion to amend the complaint and motion to reconsider failed to identify any harm that will befall it if the Court denies this motion.  This failure is fatal to its motion.  In this circuit (as Starr has previously acknowledged in its earlier briefs), the party moving to reconsider a decision must demonstrate "some harm, legal or at least tangible, [that] would flow

---

[42] *Id.*

[43] Dkt. 123 at 4-7.

[44] Dkt. 119-2.

[45] Dkt. 121 at 2.

from a denial of reconsideration."[46]  Starr has failed to meet this threshold requirement. Furthermore, there is in fact no harm – legal, tangible, or otherwise – that Starr will suffer from the denial of this motion.[47]

### E.      Starr Failed to Comply with the Local Rules.

The above points provide the Court all it needs to deny the motion to reconsider. However, it may also do so on procedural grounds.  Local Civil Rule 7(m) requires the movant to confer with counsel for the opposing party prior to filing any nondispositive motion.  While the government acknowledges it would have opposed the relief, this failure deprived the United States of the opportunity to inform Starr of the futility of its motion to reconsider, and thus eliminated any possibility (however slim) that this motion might have been resolved without any Court involvement.[48]

## IV.    Conclusion.

Starr's motion to reconsider improperly rehashes old arguments previously presented to the Court and introduces new arguments that were not timely raised.  It meets none of the four circumstances that warrant the requested relief.  It identifies no harm that will befall Starr if this Court fails to grant the motion.  And it fails to comply with the Local Rules.

Even putting aside these procedural defects, Starr simply raises no points that warrant this Court granting it leave to amend its complaint, let alone showing "extraordinary circumstances

---

[46] Dkt. 30 at 2 ("The movant must demonstrate that 'some harm, legal or at least tangible, would flow from a denial of reconsideration'" (quoting *Cobell II*, 355 F. Supp. 2d at 540)).

[47] It is ironic that Starr's brief insists so stridently that its amendment will make it easier for the parties and the Court to litigate this case, yet fails to identify any way the litigation will be simplified by permitting this amendment.

[48] LCvR 7(m).

such as where the initial decision was clearly erroneous and would work a manifest injustice."[49]

The Court should deny the motion so that the parties may proceed without further delay.

Dated:  April 11, 2019                    Respectfully submitted,

                                          RICHARD E. ZUCKERMAN
                                          Acting Assistant Attorney General

                                          /s/ Dennis M. Donohue
                                          DENNIS M. DONOHUE (OH Bar #0026504)
                                          Chief Senior Litigation Counsel
                                          KYLE L. BISHOP (DC Bar #999007)
                                          Trial Attorney, Tax Division
                                          U.S. Department of Justice
                                          P.O. Box 55, Ben Franklin Station
                                          Washington, D.C. 20044-0055
                                          Telephone: (202) 307-6492 (DMD)
                                           (202) 616-1878 (KLB)
                                          Facsimile: (202) 307-2504 (DMD)
                                          (202) 514-6866 (KLB)
                                          E-mail: Dennis.Donohue@usdoj.gov
                                          Kyle.L.Bishop@usdoj.gov (KLB)

---

[49] *Kirwa*, 2018 WL 7141989, at *1.

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that service of the OPPOSITION has been made on April 11, 2019, via the CM/ECF system, which will send notification of such filing to parties in said system, including:

Rajiv Madan
Skadden, Aprs, Slate, Meagher & Flom LLP
1440 New York Avenue NW
Washington, DC 20005

*/s/ Dennis M. Donohue*
DENNIS M. DONOHUE
Chief Senior Litigation Counsel
U.S. Department of Justice